IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| **ANITA CARTER** : | | |
| 1927 Edenburgh Drive East | | |
| Columbus, OH 43219, | : | CASE NO. |
| PLAINTIFF, | : | JUDGE |
| vs. | : | |
| **JPMORGAN CHASE BANK,** | : | **JURY DEMAND ENDORSED HEREON** |
| **NATIONAL ASSOCIATION** | | |
| c/o CT Corporation System, Agent | | |
| 4400 Easton Commons Way, Suite 125 | | |
| Columbus, OH 43219, | : | |
| DEFENDANT. | : | |

## **COMPLAINT**

Now comes Plaintiff Anita Carter (hereafter "Plaintiff"), by and through undersigned counsel, and for her complaint against Defendant JPMorgan Chase Bank, National Association (hereafter "Defendant") states and avers as follows:

**THE PARTIES**:

1. Plaintiff is a resident of the State of Ohio, County of Franklin. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by Title VII, the Family Medical Leave Act ("FMLA") and Title 4112 of the Ohio Revised Code. Further, Plaintiff was an eligible employee as defined by Title 29 USC Chapter 28 Section 2611 (2)(A).

2. Defendant is a foreign corporation licensed to do business in the State of Ohio.

**JURISDICTION AND VENUE:**

3. Jurisdiction of this Court is invoked pursuant to 29 USC §§ 2611, et seq. and 28 USC §1331. Supplemental jurisdiction is invoked pursuant to 28 USC §1367.

4. The unlawful discrimination and employment practices alleged herein were committed within the County of Franklin, State of Ohio in the Southern District, Eastern Division of this Federal Court.

5. At all relevant times, Plaintiff worked for the Defendant in Franklin County, Ohio, which is the county in which the Defendant conducted the activity which gave rise to Plaintiff's for relief and the county in which all or part of Plaintiff's claims arose.

6. At all times pertinent hereto, Defendant was an "employer" within the meaning of the Ohio Revised Code §4112.01 as well as 29 USC Chapter 28 Section 2611 (4)(A) and 29 CFR Section 825.104.

**FACTUAL ALLEGATIONS:**

7. Plaintiff was hired by Defendant on August 29, 2005.  Plaintiff remained employed until her unlawful termination on February 10, 2020.

8. For the last year of her employment, beginning in March 2019, upon her return from FMLA. Plaintiff's job title was Senior Specialist 3 in the Consumer & Community Banking section.  Plaintiff began working for a new manager named Ian West.

9. Prior to her transfer that that role Plaintiff worked as an Executive Office Senior Specialist.  For the years 2015 through 2018, Plaintiff received reviews that met or exceeded expectations and was given annual raises commensurate with her continued success.

10. For the first four months of her employment under Ian West, Plaintiff received score cards indicating she was on track although there was room for growth. Plaintiff was not provided with any negative feedback or any performance improvement plan.

11. On August 20, 2019, Plaintiff requested and was approved for leave pursuant to the Family Medical Leave Act. Plaintiff was suffering from a personal mental health issue and needed treatment.

12. Plaintiff returned from approved FMLA leave on October 23, 2019.

13. Upon return to work, Plaintiff with the assistance of her physician attempted to engage Defendant in the interactive process to seek an accommodation to allow her to perform her job with some accommodation so she could meet the time deadlines for file touches and production numbers. Defendant refused to engage in the interactive process.

14. Plaintiff continued to reach out to Defendant and even sought accommodation from her manager Ian West. Plaintiff did not receive an accommodation and no one would engage Plaintiff in an interactive process to determine how or if an accommodation could be made.

15. Just 7 weeks after returning, West placed Plaintiff on a performance improvement plan. The performance improvement plan indicated that Plaintiff was unable to maintain and move her files. Plaintiff contended that this was a result of the time off from work due to her protected leave and the failure of Defendant to participate in the interactive process to provide an accommodation upon her return.

16. The performance improvement plan provided that Plaintiff needed to improve her performance or be terminated.

17. Just 4 weeks after receiving her performance improvement plan, which by its terms could not be completed until March 2020, Plaintiff was given a written warning for the same

reasons she was placed on the PIP. Defendant failed to offer any additional information but concluded that Plaintiff should be disciplined for her delay in learning the new role to which she was assigned following her protected leave, and that her failures to perform similar to other individuals who had not taken leave but who held a similar role was cause for discipline.

18. Plaintiff was not given any feedback or follow up from West on her Performance Improvement Plan.

19. Plaintiff received an email from Jessica Anne Smith indicating her performance had improved. The email congratulated Plaintiff on her performance.

20. On February 10, 2020, West informed Plaintiff that she was terminated from her position for unsatisfactory performance.

**COUNT ONE – FMLA RETALIATION 29 USCS Section 2615 (a)(2)**

21. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 20 above as if fully rewritten herein.

22. At the time of Plaintiff's termination Plaintiff was qualified and/or eligible to receive FMLA.

23. Defendant is an employer as defined by 29 U.S.C.S.§2611(4)(A)

24. At the time of Plaintiff's termination, Plaintiff was entitled to FMLA.

25. Plaintiff gave her employer as well has her Supervisor proper notice of her need to use of FMLA.

26. Similarly situated employees who did not use FMLA were not terminated by Defendant.

27. Plaintiff was terminated due to her use of FMLA.

28. Defendant, by terminating Plaintiff, retaliated against Plaintiff for seeking FMLA leave and/or attempted enforcement of FMLA rights to which she was entitled.

29. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**COUNT TWO – FMLA INTERFERENCE 29 USCS Section 2615(a)(1)**

30. Plaintiff incorporates the allegations set forth in paragraphs 1 through 29 above as if fully rewritten herein.

31. In 2019 when Plaintiff took FMLA leave from August through October, Plaintiff was eligible for leave.

32. Defendant is an employer as defined by the FMLA.

33. Plaintiff was entitled to FMLA at the time she took leave in 2019.

34. Plaintiff provided Defendant with notice of her intention to take leave pursuant to the FMLA in 2019.

35. Defendant denied Plaintiff the benefits to which she was entitled because her performance improvement plan, discipline and later termination in February 2020 were based in part on her use of FMLA.

36. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

## COUNT THREE – FAILURE TO ACCOMMODATE (VIOLATION OF ORC TITLE 4112)

37.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 36 above as if fully rewritten herein.

38.     Plaintiff engaged in an interactive process with Defendant when she requested an accommodation upon her return to work in October 2019.

39.     Plaintiff had a disability including depression and anxiety.

40.     Plaintiff's therapist ideated that Plaintiff could continue to perform the essential functions of her position so long there were accommodations associated with her work processes.

41.     At no time did Defendant participate in an interactive process to discuss accommodations.

42.     Defendant has a responsibility and/or duty by statute to participate in an interactive process with Plaintiff to determine the viability of an accommodation.

43.     Defendant behavior in failing to participate in the interactive process was intentional and malicious. Defendant at no time had any intention of allowing Plaintiff an accommodation.

44.     By failing to provide Plaintiff with an accommodation Defendant failed to meet its duty under statute.

45.     Furthermore, as a result of its failure to accommodate Plaintiff's request for a reasonable accommodation, Defendant terminated Plaintiff.

46.     Defendant violated Plaintiff's rights under Title 4112 by failing to participate in the interactive process, failing to accommodate Plaintiff's disability and by subsequently terminating Plaintiff.

47. As a direct and proximate result of Defendant conduct set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which she was entitled, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff Anita Carter prays for judgment against Defendant JPMorgan Chase Bank, National Association on all counts for compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she is entitled, an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

    Respectfully submitted,

    **KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

    By:  /s/ Erica Ann Probst
        Erica Ann Probst  #0073486
        Attorney for Plaintiff
        88 West Mound Street
        Columbus, Ohio  43215
        (614) 224-2678
        (614) 469-7170 (fax)
        Email: Erica@ksrlegal.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

**KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By: /s/ Erica Ann Probst
     Erica Ann Probst  #0073486
     Attorney for Plaintiff
     88 West Mound Street
     Columbus, Ohio  43215
     (614) 224-2678
     (614) 469-7170 (fax)
     Email: Erica@ksrlegal.com